# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Arne Moltis,**
**Plaintiff Below, Petitioner**

**FILED**

March 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0920** (Kanawha County 13-C-AP-129)

**Aleisha Adams,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Arne Moltis, appearing *pro se*, appeals two orders of the Circuit Court of Kanawha County.[1] In the first order, entered September 4, 2013, the circuit court (a) ruled that respondent Aleisha Adams did not owe rent for August and September of 2013 due to the inhabitability of the property; (b) required petitioner to provide respondent with a working refrigerator within seventy-two hours of the order; and (c) directed respondent to resume paying rent on October 1, 2013. In the second order, entered on September 9, 2013, the circuit court denied petitioner's motion for Judge Bloom's recusal as untimely.

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's argument, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Pursuant to a May 1, 2013 rental agreement, petitioner rented an apartment located at 232B, Tenth Avenue, South Charleston, West Virginia, to respondent for $400 per month. The parties agreed that respondent was responsible for paying utilities.

Subsequently, petitioner sued respondent in the Magistrate Court of Kanawha County for wrongful occupation due to the non-payment of rent. The magistrate court ruled in petitioner's favor on August 16, 2013. Respondent appealed the magistrate court's judgment on August 19, 2013, and the Circuit Court of Kanawha County considered the matter in a trial *de novo*. The circuit court concluded that "the rental property was uninhabitable" after making the following findings:

> 4.      [Respondent] testified that, due to a water leak, her monthly
> water bill increased to $227. Also, the refrigerator supplied by

---

[1] Petitioner also moves this Court to consider his appeal on an expedited basis. After careful consideration, the Court grants the motion and considers the appeal forthwith.

1

[petitioner] stopped working and she lost food for her and her son.

5. Additionally, [respondent] testified that she began requesting that [petitioner] provide her with a refrigerator in June [of] 2013.

6. It is undisputed that [petitioner] did not pay the increased water bill and that [petitioner] has not provided [respondent] with a refrigerator.

Accordingly, the circuit court ruled that (a) respondent did not owe rent for August and September of 2013 due to the inhabitability of the property; (b) required petitioner to provide respondent with a working refrigerator within seventy-two hours of the order; and (c) directed respondent to resume paying rent on October 1, 2013.

On September 6, 2013, petitioner moved for Judge Bloom's recusal alleging that the judge had shown favoritism toward respondent in the September 4, 2013 judgment. In an order entered September 9, 2013, the circuit court denied petitioner's motion as untimely filed under Rule 17.01 of the West Virginia Trial Court Rules and noted that petitioner remained free to appeal its judgment. Petitioner subsequently appealed to this Court.

## I. WHETHER THE CIRCUIT COURT CORRECTLY DENIED PETITONER'S MOTION FOR JUDGE BLOOM'S RECUSAL

Petitioner asserts that Judge Bloom exhibited favoritism toward respondent in the circuit court's judgment. First, this Court finds that the circuit court correctly determined that petitioner untimely filed his recusal motion. *See* Rule 17.01(a), W.Va.Tr.Ct.R. (A recusal motion "shall be . . . be filed with the circuit clerk . . . at least twenty-one (21) days in advance of any trial date set in the case."). Second, under Rule 17.01(e)(2)(b), when the circuit court has denied an untimely recusal motion before trial, "the issue may be addressed on appeal." On the merits of the motion, it is evident that petitioner alleges that Judge Bloom showed bias in respondent's favor merely because the judge ruled for respondent. Therefore, this Court concludes that the recusal motion lacked merit and was correctly denied.

## II. WHETHER THE CIRCUIT COURT'S JUDGMENT CONSTITUTED AN ABUSE OF DISCRETION

We apply the standard for reviewing a judgment entered following a bench trial:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo*

review.

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner argues that the circuit court disregarded the parties' written rental agreement. However, this Court finds that the circuit court's judgment is consistent with the implied warranty of habitability adopted by the Court in *Teller v. McCoy*, 162 W.Va. 367, 253 S.E.2d 114 (1978).[2] In Syllabus Point 1 of *Teller*, the Court held that "[t]here is, in a written or oral lease of residential premises, an implied warranty that the landlord shall at the commencement of a tenancy deliver the dwelling unit and surrounding premises in a fit and habitable condition *and shall thereafter maintain the leased property in such condition.*" 162 W.Va. at 367, 253 S.E.2d at 116 (Emphasis added.). In Syllabus Point 2, the Court further held, in pertinent part, that "[t]he tenants [sic] duty to pay rent is dependent upon the landlord's fulfillment of the implied warranty of habitability." *Id.*

In the case at bar, the circuit court found (1) a water leak caused an unexpected raise in respondent's water bill; and (2) the lack of a working refrigerator resulted in respondent losing the food she had for herself and her son. Therefore, this Court concludes that the circuit court did not abuse its discretion in finding the apartment uninhabitable and in (a) ruling that respondent did not owe rent for August and September of 2013 due to the inhabitability of the property; (b) requiring petitioner to provide respondent with a working refrigerator within seventy-two hours of the order; and (c) directing respondent to resume paying rent on October 1, 2013.[3]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: March 14, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] *See also* W.Va. Code § 37-6-30 (a landlord shall maintain rental premises in a fit and habitable condition).

[3] Petitioner asserts that while he complied with the circuit court's September 4, 2013, judgment and provided respondent with a working refrigerator, respondent did not resume paying rent on October 1, 2013. However, as respondent's alleged non-compliance occurred after the September 4, 2013, judgment and after the September 9, 2013, order denying petitioner's recusal motion, that issue is not currently before this Court and the Court does not address it.